UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TIFFANY HARRIS,**
    Plaintiff,
v.

**Case No. 2:22-cv-828-CLM**

**DEPARTMENT OF VETERANS AFFAIRS,**
    Defendant.

## MEMORANDUM OPINION

Pro se Plaintiff Tiffany Harris sues the Department of Veterans Affairs ("VA") under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, and appeals the affirmance of the VA's decision to terminate her federal employment.[1] The VA moves for summary judgment on Harris's discrimination claims and for judgment on the administrative record on her non-discrimination claims. For the reasons stated within, the court **GRANTS** those motions. (Docs. 41, 42).

## BACKGROUND

### A. Factual Background

1. *The alleged harassment*: Tiffany Harris worked for the VA as an Advanced Medical Support Assistant starting in December 2019. Harris says from February 2020 to July 2021, the VA failed to promote her, provided unequal terms of employment, retaliated against her, harassed her, constructively discriminated against her by poisoning her environment, and ultimately terminated her employment in retaliation for engaging in protected activity.

---

[1] Harris's complaint also alleges violations of HIPAA and the Privacy Act. (Doc. 8, p. 4). But plaintiffs cannot bring a private right of action over an alleged HIPAA violation. *See Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). And Harris's complaint doesn't plausibly allege that the VA violated the Privacy Act because she doesn't explain what entity maintained the records that she says were improperly disclosed to her supervisor. So to the extent that these claims haven't already been dismissed, the court will dismiss them under 28 U.S.C. § 1915(e).

Harris submitted a 13-page letter with her complaint, specifying the conduct she endured at the VA. In this letter, Harris alleges that management and her co-workers often placed white and orange particles in her work area which affected her breathing because she was allergic. She says this began after her supervisor demanded her Social Security number, accessed her medical records, and discovered her allergies. Harris said her co-workers would place the particles in the carpet underneath her desk and drop particles on her desk as they walked by, which made her struggle to breathe. She said she was told to sit in an assigned seat in the file room where her desk was trashed daily.

Harris also alleges a generally poor working environment with co-workers: she says they would not acknowledge her presence, encourage others not to interact with her, yell at her, and drop particles on her desk. According to Harris, her co-workers fabricated reports to destroy her character, procured her unjustified suspension, and later her removal. Harris alleges Supervisor Joyce Gilbert gave Harris written counselings for doing things other employees did, called VA police on Harris to escort her out of the building several times, denied Harris telework but allowed other employees to telework, and gave Harris work assignments with impossible deadlines to meet. Harris says that management charged her with absence without leave (AWOL) when she was sent home and revoked her leave under the Family Medical Leave Act. Harris also says she was denied mandatory Medical Support Assistant training and that Gilbert canceled her mid-year evaluation.

Harris's amended complaint includes nearly 300 pages of documents including email updates of complaints about particles in her workspace, communication with her supervisor, and adverse treatment in the workplace. The general theme of events is that Harris believed her co-workers were placing particles in her workspace making it difficult for her to breathe and performing acts of sorcery on her.

2. *The investigation*: According to her amended complaint, Harris initiated and participated in an internal harassment investigation with VA's facility detective, John Moore, in February 2020. But Harris says that her supervisor Joyce Gilbert and Team Lead Porsha Oakes derailed

the investigation by covering up the particles on the floor and lying to the investigator.

Harris then filed an internal claim with the VA medical center's EEOC office in February 2020. In December 2020, Harris formally filed an EEOC charge.

Harris was ultimately removed from federal employment in July 2021. In Harris's notice of proposed removal, Debbie Litton cited six instances that she said supported Harris's removal. Dr. Kokoyi's notice of removal sustained Litton's charges against Harris and gave these reasons for removing Harris's employment:

- Inappropriate Conduct in the Workplace;
- Failure to Follow Supervisory Instructions;
- Failure to Report to Assigned Work Area; and
- Absent Without Leave (AWOL).

(Doc. 40-10).

—

In sum, this is the relevant timeline of events surrounding Harris's protected activity and removal:

- February 2020: Harris participated in a harassment investigation and filed an internal claim with the VA's EEOC office.[2]
- March 2020: Harris received a written counseling for taking photos and videos of the particles and employees in her workspace. (Doc. 8-1, p. 96).
- June 2020: Harris received a proposed notice of suspension and later a five-day suspension. (Doc. 8-1, pp. 129-30).
- July 2020: Harris was suspended for failure to follow supervisory instruction. (Doc. 8-1, p. 135).

---

[2] Harris says she received her right to sue letter in February 2022.

- December 15, 2020: Harris filed a complaint of discrimination with the EEOC.
- January 2021: Gilbert provided Harris a poor performance review. (Doc. 8-1, p. 161).
- May 2021: Harris received another written counseling for failing to follow instructions and insubordination. (Doc. 8-1, p. 193).
- June 2, 2021: Harris received a notice of proposed removal. (Doc. 8-1, p. 205).
- June 29, 2021: Harris received a notice of removal from Dr. Olapido Kokoyi, Interim Medical Center Director. (Doc. 8-1, pp. 205-207).

**B. Procedural History**

Under the Civil Service Reform Act, Harris had the right to challenge the VA's decision to remove her from federal employment. *See* 5 U.S.C. §§ 1204, 7512, 7701. So Harris appealed her removal to the Merit System Protection Board ("MSPB"). (Doc. 40-14).

The MSPB administrative judge ("AJ") conducted a seven-hour evidentiary hearing on Harris's claims that she was wrongfully removed and her affirmative defense that she was retaliated against for engaging in protected activity. (Doc. 40-15). Eight witnesses testified at the hearing, and Harris offered a statement on her own behalf. (Doc. 40-16). About a month after the hearing, the AJ issued a 26-page opinion affirming the VA's removal of Harris. (Doc. 40-17).

Harris then appealed the MSPB's decision to the Federal Circuit, (doc. 40-18), which generally has jurisdiction over MSPB appeals, *see Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002). The Federal Circuit, however, lacks jurisdiction over claims that a federal employer violated Title VII. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422–23 (2017). Because Harris wished to preserve her Title VII claims against the VA, the Federal Circuit transferred Harris's appeal to this court, (doc. 40-20), which has jurisdiction over both Harris's discrimination and non-discrimination claims, *Kelliher,* 313 F.3d at 1274.

4

While Harris's MSPB appeal was pending, Harris filed two lawsuits in this court against Denis McDonough, Secretary of the Department of Veteran Affairs, the VA, and several other VA officials. *See Harris v. McDonough*, No. 2:22-cv-193-CLM and 2:22-cv-194-CLM. Harris's claims in those cases mainly focused on her alleged harassment and other adverse acts that weren't serious enough personnel actions to be part of Harris's MSPB appeal. But Harris also alleged that her removal was in retaliation for participating in protected activity.

The court consolidated the two new cases and screened Harris's complaint under 28 U.S.C. § 1915(e). After screening Harris's complaint, the court found that Harris had plausibly alleged a violation of the participation clause of Title VII's antiretaliation provision against Secretary McDonough but dismissed all other claims and all other parties. The court recently granted Secretary McDonough summary judgment on Harris's retaliation claim based on her removal from federal service and set Harris's retaliatory harassment claims for trial. (Case No. 2:22-cv-193-CLM, Doc. xx; Case No. 2:22-cv-194, Doc. xx).

## STANDARD OF REVIEW

1. *Motion for summary judgment*: A federal employee who challenges the MSPB's finding that her employer's actions did not violate a federal antidiscrimination law has "the right to have the facts subject to trial de novo by the reviewing court." *See* 5 U.S.C. § 7703(c). So the court applies its typical summary judgment standard to the VA's motion for summary judgment on Harris's Title VII claims.

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2. *Motion for judgment on the administrative record*: The court applies an arbitrary and capricious standard of review to non-discrimination-based challenges to the MSPB's findings. *See* 5 U.S.C. § 7703(c). Under this standard, the court can set aside the MSPB's findings or conclusions only if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See id.*

"In determining whether the outcome in an adjudication before an administrative agency such as the MSPB is arbitrary and capricious" this court does "not substitute [its] judgment for that of the agency but rather only seek[s] to ensure that the decision was reasonable and rational." *Kelliher*, 313 F.3d at 1276 (citing *Zukas v. Hinson,* 124 F.3d 1407, 1409 (11th Cir. 1997)). The arbitrary and capricious standard allows a court on appeal to only "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment." *Id.* (quoting *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990)).

## DISCUSSION

### A. Motion for Summary Judgment

The VA moves for summary judgment on Harris's Title VII claims. Under the court's screening order, the only Title VII claims remaining are Harris's claims of retaliation for participating in protected activity. (Doc. 5). The VA argues that it is entitled to summary judgment on Harris's retaliation claims because (a) Harris cannot show a causal connection between her removal and her protected activity, and (b) Harris's retaliatory hostile-work-environment claims are duplicative of the claims pending in Harris's suit against McDonough. (Doc. 41).

1. <u>Removal Retaliation</u>: Harris's removal retaliation claim will survive summary judgment if she "has submitted evidence that would allow a reasonable jury to find that retaliation played *any* part" in the decision to remove her from federal service. *See Buckley v. Sec'y of Army*, 97 F.4th 784, 798 (11th Cir. 2024). As explained in the court's summary

judgment opinion in Harris's case against McDonough, Harris's evidence does not establish a causal connection between her removal and her protected activity. (Case No. 2:22-cv-193- CLM, Doc. 55; Case No. 2:22-cv-194, Doc. 57). The court adopts its analysis from that case here and **WILL GRANT** the VA's motion for summary judgment on the removal retaliation claim for the same reasons it granted summary judgment to McDonough on this claim: Harris has not shown that a retaliatory motive tainted the decision to remove her from federal service.

2. Duplicative Complaints: As the VA correctly argues, Harris attached a nearly identical set of facts to her complaint here as she did in her Title VII retaliatory hostile work environment claim in *Harris v. McDonough*, No. 2:22-cv-193-CLM and 2:22-cv-194-CLM (Doc. 7, pp. 8-20). A plaintiff "may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and quotation marks omitted). Courts apply a two-part test to determine whether a plaintiff has filed duplicative complaints: (1) "whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841–42. "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Id.* (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)).

Harris's complaint entails the same parties and their privies as the complaint in Case Nos. 2:22-cv-193-CLM and 2:22-cv-194-CLM. In this case, Harris sues the Department of Veterans Affairs, while in the earlier filed cases, she sues Denis McDonough, the Secretary of the Department of Veterans Affairs. These cases also both arise from the same series of transactions and are based on the same nucleus of operative facts: Harris's allegations that her co-workers and supervisors created a hostile work environment by placing particles in her workplace, unfairly charging her with AWOL, and giving her written counselings in retaliation for Harris participating in protected activity. So although not identical in all respects, the court agrees with the VA that this complaint is duplicative of the first. Harris's claims of retaliatory harassment in Case Nos. 2:22-cv-193-CLM and 2:22-cv-194-CLM have survived summary judgment and

7

will be tried before a jury. The court will thus not allow Harris to continue to prosecute the nearly identical retaliatory harassment claims in this case or to try these claims before a separate jury.

—

For these reasons, the court **WILL GRANT** the VA's motion for summary judgment on Harris's retaliatory harassment claims. The court now moves on to the VA's motion for judgment on the administrative record. (Doc. 42).

### B. Motion for Judgment on the Administrative Record

The VA moves for judgment on the administrative record on Harris's non-discrimination claims, arguing that the MSPB's decision upholding Harris's removal should be affirmed because it was not arbitrary or capricious and was supported by substantial evidence. (Doc. 42). Again, for the court to rule in Harris's favor, Harris must show that the MSPB's decision was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

1. Waiver: Harris does not reference the MSPB's decision in her appeal, much less allege that it was arbitrary or capricious, obtained without lawful procedures, or unsupported by substantial evidence. (Doc. 44, pp. 9-10). Nor does Harris quarrel with the specifications and charges that the VA said led to Harris's removal. Instead, Harris's complaint consistently alleges that she experienced harassment and retaliation because of her EEOC protected activity. While this court construes pro se pleadings liberally, it cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Because Harris's complaint raises only discrimination claims, the court finds that Harris has waived any non-discrimination-based claims related to the MSPB's handling of her appeal.

2. Merits: The court also finds that the MSPB's decision was supported by substantial evidence. The MSPB issued a 26-page decision

after it held a seven-hour evidentiary hearing and reviewed the VA's records for removing Harris. In Harris's notice of removal, Dr. Kokoyi cited six specifications for her removal (*i.e.*, six instances of misconduct). After hearing testimony from both sides, the MSPB analyzed all six of the VA's specifications for terminating Harris. The MSPB affirmed the VA's decision to terminate Harris, sustaining the VA's specifications and finding that Harris failed to meet her burden of establishing that retaliation was a motivating factor in the decision to terminate her. (Doc. 40-21, pp. 323-356).

The decision-making process began with the AJ holding a telephone prehearing conference on Harris's appeal. During the call, the AJ discussed that Harris's MSPB appeal challenged her removal at the VA based on four charges listed in her notice of removal: (1) inappropriate conduct, (2) failure to follow supervisory instructions, (3) failure to report to assigned work area, and (4) absent without leave (AWOL). The AJ discussed the law and burden of proof that lied with the agency to prove each of these charges, as well as Harris's burden with respect to her affirmative defense of retaliation. The AJ also approved the agency's witnesses for its hearing: Debbie Litton, Oladipo Kukoyi, Joyce Gilbert, Tiffany Cundiff, Shawntena Norman, Lesia Strown, Tangee Sims, and Porsha Oakes—all employees of the VA that worked with Harris in some regard. The AJ approved Harris and Ashley Wright, another VA employee, to testify on Harris's behalf. (*See* Doc. 40-21, pp. 310–19).

The AJ then held an evidentiary hearing on February 15, 2022, and issued the MSPB's initial decision. In that decision, the AJ found that the VA proved its charge of inappropriate conduct in the workplace. The first specification stated that Harris did not complete a training related to vaccine scheduling and did not give an explanation when prompted. Harris's supervisor testified that Harris never responded to her or provided a reason for not attending a mandatory training session. This testimony was supported by documents in the record and emails from that period. For her part, Harris said that she thought the training was voluntary but admitted to not responding to the training supervisor's email or appearing as instructed. So the AJ found the alleged facts proven for the first specification.

The AJ similarly analyzed the remaining five specifications. In ruling on these specifications, the AJ weighed the witnesses' credibility and found the VA's witnesses more credible than Harris. Because Harris admitted to many specifications for her removal, the VA's witnesses were credible, and the AJ found the charges against Harris egregious enough to support the removal of her employment, the AJ affirmed the VA's decision to remove Harris from federal employment. (Doc. 40-21, pp. 323-356).

—

In short, the MSPB held a lengthy hearing and issued a lengthy decision on Harris's appeal. The AJ articulated the testimony as applied to each specification for Harris's removal, explained the reasons it sustained those specifications, and reasonably applied the facts to the legal standards governing Harris's claims. So the court finds that the MSPB's decision was not arbitrary or capricious, and it was supported by substantial evidence. And Harris has waived any argument to the contrary. As a result, the court **WILL GRANT** the VA's motion for judgment on the administrative record. (Doc. 42).

## CONCLUSION

For the reasons stated within, the court **GRANTS** the VA's motion for summary judgment on Harris's discrimination claims (doc. 41) and **GRANTS** the VA's motion for judgment on the administrative record on her non-discrimination claims. (Doc. 42).

The court will enter a separate order consistent with this memorandum opinion that closes this case.

**DONE** and **ORDERED** on September 3, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE